UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY<br>P.O. Box 145496<br>Cincinnati, Ohio  45250-5496<br><br>    Plaintiff,<br><br>v.<br><br>JEREMY FONTENOT<br>        SERVE:  Via Certified Mail<br>        P.O. Box 3971<br>        Paducah, KY  42002-3971<br><br>and<br><br>EMPIRE HOMES CAPITAL GROUP, LLC<br>        1811 Sharp Springs Road<br>        Winchester, TN  37398<br><br>        Serve Registered Agent:<br>        Clint Hayes<br>        30 Cypress Lines Lane<br>        Calvert City, KY  42029<br><br>        Serve Registered Agent:<br>        Cameron Bailey<br>        108 Kacey Marie Drive<br>        Winchester, TN  37398-5414<br><br>        Pursuant to KRS 454.210 serve:<br>        Secretary of State of Kentucky<br>        P.O. Box 718<br>        Frankfort, KY  40602-0718<br><br>and | Case No.   5:23-cv-155-BJB<br><br>Judge   Benjamin Beaton<br><br><br><br><br><br><br>**COMPLAINT WITH JURY DEMAND** |

1

| | |
|---|---|
| MICHAELA E. WELLS, as Parent and Next Friend of R.H., a Minor<br>    SERVE: Via Certified Mail<br>    355 Pendley Road<br>    Nortonville, KY  42442-9571 | :<br>:<br>:<br>:<br>: |
| and | : |
| HARLEY RONE aka HARLEY WOOD as Parent and Next Friend of A.R., a Minor<br>    SERVE: Via Certified Mail<br>    421 McDonald Street<br>    Greenville, KY  42345 | :<br>:<br>:<br>:<br>: |
|    Defendants. | : |

Comes now the Plaintiff, The Cincinnati Specialty Underwriters Insurance Company ("CSU"), by and through counsel, and for its Complaint, states and alleges as follows:

## PARTIES AND NATURE OF THE ACTION

1. CSU is a Delaware corporation which has its principal place of business in the State of Ohio, but is authorized to issue insurance policies within the Commonwealth of Kentucky.

2. Upon information and belief, Empire Homes Capital Group, LLC ("Empire") is a Tennessee limited liability company with its principal place of business in the State of Tennessee, but which is operating in the Commonwealth of Kentucky, and is a Defendant in the Underlying Litigation.

3. Harley Rone aka Harley Wood as Parent and Next Friend of A.R., a minor has submitted a claim against Empire (the "Rone Claim") and Michaela E. Wells as a Parent and Next Friend of R.H., a minor is the Plaintiff in a pending action in the Marshall County Circuit Court of Kentucky, Case No. 23-CI-00329 (the "Underlying Litigation").

4.  The Rone Claim and the Underlying Litigation assert claims for liability and damages against Empire, and therefore are interested parties in this matter. A copy of the *Wells* Complaint in the Underlying Litigation is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5.  Jurisdiction is proper in this Court due to the diversity of citizenship between the parties and the amount in controversy exceeding $75,000 as required by 28 U.S.C. 1332; and venue is proper in this Court due to the fact that the incident which is the subject of the Underlying Litigation and the Rone Claim occurred in this jurisdiction, pursuant to 28 U.S.C. 1391.

## FACTUAL ALLEGATIONS

6.  CSU issued an insurance policy to Empire, Common Policy No. CSU 0207679, effective from April 28, 2023 through April 28, 2024. The Policy is attached hereto as Exhibit B.

7.  The incident which is the subject of the Underlying Litigation and Rone Claim occurred during the policy period.

8.  CSU is currently providing a defense to Empire and to Jeremy Fontenot in the Underlying Litigation, pursuant to the Policy, subject to full and complete reservations of rights. The CSU reservation of rights letters are attached hereto as Exhibits C and D.

9.  The pertinent terms of the Policy are as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
**(CG 00 01 04 13)**

\* \* \*

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …

   * * *

   No other obligation or liability to pay sums or perform acts or services is covered unless expressly provided for under **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.**

   b. This insurance applies to "bodily injury" and "property damage; only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory":

   * * *

   e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

2. **Exclusions**

   This insurance does not apply to:

   a. **Expected or Intended Injury**

   "Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

   * * *

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

4

* * *

  **c.**  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

* * *

**2.**  Each of the following is also an insured:

  **a.**  Your "volunteer workers" only while performing duties related to the conduct of your business, …

* * *

**SECTION V – DEFINITIONS**

* * *

**3.**  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

**5.**  "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

* * *

**13.**  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**20.**  "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

* * *

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CHANGES TO COMMERCIAL GENERAL LIABILITY
COVERAGE FORM
(CSGA 401 02 13)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

\* \* \*

### EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES

A.    The following exclusion is added to Paragraph **2., Exclusion of Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal and Advertising Injury Liability:**

    **2.**    **Exclusions**

This insurance does not apply to:

Any claim of indemnification for punitive or exemplary damages. If a suit is brought against any insured for a claim covered by this Coverage Part, seeking both compensatory and punitive or exemplary damages, we will provide a defense to such action. However, we will not have an obligation to pay for any costs, interest, or damages, attributable to punitive or exemplary damages. If state law provides for statutory multiple damage awards, we will pay only the amount of the award before the multiplier is added.

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

### EXCLUSION – AMUSEMENT RIDE OR DEVICE WITH PLAYGROUND EQUIPMENT EXCEPTION
### (CSGA 3012 07 12)

The endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

A.    The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B – Personal and Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" caused by or arising out of:

    1.    The ownership, operation, supervision, rental, lease, maintenance, use or entrustment to others of any amusement ride, device or equipment, including but not limited to any mechanical or non-mechanical ride, slides, water slides, inflatable amusement device or bungee operation or equipment.

    **2.**    The negligent employment, supervision or training of any person for whom any insured is or was ever legally responsible for operations described in Paragraph **1.** above.

However, this exclusion does not apply to any permanently installed playground equipment.

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – COVERAGE C – MEDICAL PAYMENTS**
**(CSGA 364 06 08)**

The endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**A.**    **SECTION I – COVERAGE C – MEDICAL PAYMENTS** is deleted and does not apply, and none of the references to it in the Coverage Part apply.

\* \* \*

## COUNT I – DECLARATORY JUDGMENT

    10.    CSU incorporates by reference as if fully rewritten herein all allegations set forth above.

    11.    A dispute exists between CSU and Empire, Mr. Fontenot, Michaela E. Wells as Parent and next Friend of R.H., a minor, and Harley Rone as Parent and next Friend of A.R., a minor as to whether CSU is obligated to defend and/or indemnify Empire and Mr. Fontenot for the claims asserted against them in the Rone Claim and in the Underlying Litigation.

    12.    The Policy's Insuring Agreement, exclusions, endorsements, who is an insured language, definitions, terms and conditions, in light of the factual and legal allegations of the Underlying Litigation and the Rone Claim, are such that no coverage is provided to Empire and/or Mr. Fontenot for the allegations asserted against them in the Underlying Litigation and the Rone Claim.

13.     CSU requests and is entitled to a Declaration by this Court, pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring the rights, duties and obligations of CSU pursuant to the above-referenced insurance policy, and specifically declaring that CSU is not obligated to defend or indemnify Empire and Mr. Fontenot for the claims asserted against them in the Underlying Litigation and the Rone Claim.

WHEREFORE, Plaintiff, The Cincinnati Specialty Underwriters Insurance Company requests judgment declaring that it is not obligated to provide defense and/or indemnification to Empire Homes Capital Group, LLC and/or Jeremy Fontenot for the claims asserted against them in the Underlying Litigation and the Rone Claim; for its costs and expenses incurred herein including reasonable attorneys fees; and any such other and further relief as the Court may deem just and reasonable.

Respectfully submitted,

**KOHNEN & PATTON, LLP**

/s/ *Colleen M. Blandford*
Colleen M. Blandford (88098)
201 East Fifth Street, Suite 800
Cincinnati, OH 45202
Phone: (513) 381-0656
Fax: (513) 381-5823
E-Mail: cblandford@kplaw.com
*Attorneys for Plaintiff*

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all matters for which a jury trial is available.

/s/ *Colleen M. Blandford*
Colleen M. Blandford (88098)